ALD-003                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2759
_____

UNITED STATES OF AMERICA

v.

EFRAIN REYES,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  2-05-cr-00534-001)
District Judge:  Honorable James Knoll Gardner

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 2, 2014

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit Judges</u>

(Filed: October 29, 2014)

**PER CURIAM**

Federal prisoner Efrain Reyes appeals pro se from the May 5, 2014 order of the

United States District Court for the Eastern District of Pennsylvania denying his motion

to correct his Judgment and Commitment Order ("J&C Order") pursuant to Federal Rule

of Criminal Procedure 36.  For the reasons that follow, we will affirm the District Court's

May 5, 2014 order.

## I.

In 2006, the District Court sentenced Reyes to 396 months in prison following his conviction for possessing 500 grams or more of cocaine with the intent to distribute. In March 2014, he filed a pro se motion with the District Court, seeking to correct a "simple clerical error" in the court's J&C Order pursuant to Rule 36.[1] In the section of the J&C Order that identifies his offense and the pertinent statutory provisions, one of the statutes listed is 21 U.S.C. § 841(b)(1)(B). In his motion, Reyes claimed that this statute "must be followed with an (ii)" (referring to § 841(b)(1)(B)(ii)). In making this claim, he indicated that he was not seeking to disturb his sentence or his underlying conviction.

On May 5, 2014, the District Court denied Reyes's Rule 36 motion, concluding that no clerical error had been made because the J&C Order "accurately reflects the statutory provisions underl[y]ing [his] conviction and sentence." This appeal followed.[2]

## II.

Section 841(b)(1)(B) sets forth the mandatory minimum and maximum sentences for certain drug offenses. The drugs and drug amounts that are covered by this statute are listed in subsections (i) through (viii). Following those subsections is an unnumbered paragraph that identifies the length of the applicable mandatory minimum and maximum sentences. Here, Reyes's argument appears to rest on his belief that subsection (ii),

---

[1] Rule 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.
[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

which provides that an offense involving 500 grams or more of cocaine is covered by this statute, is the only part of the statute that governed his criminal case. He is mistaken, however, because the unnumbered paragraph setting forth the applicable mandatory minimum and maximum sentences governed, too. Accordingly, we agree with the District Court that § 841(b)(1)(B) was correctly listed on the J&C Order.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's May 5, 2014 order. See 3d Cir. I.O.P. 10.6.[3]

---

[3] Although we have yet to articulate the standard for reviewing a district court's denial of a Rule 36 motion, we need not do so here because this appeal fails under any available standard.